# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LAWRENCE ALVIN BULLOCK, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15CV523 |
| ) | |
| SHARA ANDREWS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On November 24, 2015, this case was stayed to allow *pro se* Plaintiff Lawrence Alvin Bullock, III time to file an application to proceed *in forma pauperis* (IFP) or to submit the filing fee. (Docket Entry 2.) Plaintiff has submitted his IFP application for the Court's review. (Docket Entry 3.) For the reasons that follow, the Court will grant Plaintiff IFP status for the sole purpose of entering this Order and recommend that the Complaint be dismissed as frivolous.

Plaintiff seeks IFP status, thus the Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir.

2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

Plaintiff has filed multiple frivolous complaints in this Court. The latest Complaint is delusional and irrational. It consists mostly of rambled thoughts of Plaintiff's concerns about

2

Case 1:15-cv-00523-WO-JLW   Document 4   Filed 01/04/16   Page 2 of 3

an "Atlantic Space Ship" that has been stolen from the "Atlantic Georgia Space Center." (Complaint at 2, Docket Entry 1.) Plaintiff further alleges that it landed at the Central Regional Hospital in Butner, North Carolina, "with gold and silver." (*Id.*) The Complaint is frivolous and subject to dismissal under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 325.

Accordingly, **IT IS THEREFORE ORDERED** that the stay is lifted in this matter. **IT IS FURTHER ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order. **IT IS RECOMMENDED** that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Joe L. Webster
United States Magistrate Judge

January 4, 2016
Durham, North Carolina